## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:15-CR-10-DBH |
| ) | |
| CHRISTIAN DENT, ) | |
| ) | |
| DEFENDANT ) | |

## ORDER ON DEFENDANT'S ORAL REQUEST FOR FRANKS HEARING

To obtain a Franks hearing, "the defendant must make 'a substantial preliminary showing' that: (1) the warrant affidavit contains a false statement made 'knowingly and intentionally, or with reckless disregard for the truth,' and (2) that 'the allegedly false statement is necessary to the finding of probable cause.'" United States v. Hicks, 575 F.3d 130, 138 (1st Cir. 2009) (citations omitted) (quoting Franks v. Delaware, 438 U.S. 154, 155-56 (1978)). "An omission of material fact is sufficient to trigger a hearing." United States v. Silva, 742 F.3d 1, 8 (1st Cir. 2014).

The premise of the defendant's oral request for a Franks hearing in this case is that Agent Gagnon's Affidavit and Request to the state judge who issued the warrant on November 12, 2014, "lack specificity and detail" and that he "either deliberately or recklessly omitted material information." Def.'s Mem. in Support of Request for Franks Hr'g at 2 (ECF No. 105) (quoting United States v. Tanguay, 787 F.3d 44, 48 (1st Cir. 2015)).

After review of the defendant's and the government's memoranda, I **DENY** the request for a <u>Franks</u> hearing. I will provide further explanation after I hear oral argument and when I make a ruling on the defendant's pending motion to suppress.

**SO ORDERED.**

**DATED THIS 29TH DAY OF OCTOBER, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**