UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v. )<br>)<br>CHRISTIAN DENT, )<br>)<br>                    DEFENDANT ) | CRIMINAL NO. 2:15-CR-10-DBH-01 |

**DECISION AND ORDER ON MOTION FOR COMPASSIONATE
RELEASE AND APPOINTMENT OF COUNSEL**

Christian Dent has moved to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i), the so-called compassionate release provision as altered by the First Step Act, and to appoint counsel in that respect.[1] Def.'s Mot. (ECF No. 216). As amended, that provision allows a judge, without a BOP motion, to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction."[2] In responding to the motion, the government relies solely upon the Sentencing Commission's policy statement in Guideline 1B1.13, cmt. n.1(A). See Gov't's Resp. at 9 (ECF No. 220). I have previously ruled that this policy statement, which the Commission has not changed to reflect the First Step Act,[3] "provides helpful guidance" but "is not ultimately conclusive given the statutory change." United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D.

---

[1] He has also moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Def.'s Mot. (ECF No. 211). I do not address that motion in this decision but refer that motion to the Magistrate Judge.
[2] Dent has met the requirement that 30 days pass after the Warden receives his request. 18 U.S.C. § 3582(c)(1)(A).
[3] Currently, the Commission lacks a quorum to amend the Guidelines.

Me. July 11, 2019), aff'd, No. 19-1785 (1st Cir. July 23, 2020) ("the district court did consider other relevant circumstances not specifically enumerated in the guidelines"). The Second Circuit has gone further and ruled that the Guideline applies only to motions brought by the Director of the Bureau of Prisons, not to motions for relief brought by defendants, and that nothing limits judges' discretion in considering "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," except that rehabilitation alone is not to be considered an extraordinary and compelling reason. United States v. Brooker, No. 19-3218-CR, 2020 WL 5739712, at *7-8 (2d Cir. Sept. 25, 2020).

I proceed therefore to assess whether Dent has presented extraordinary and compelling reasons for his release. On July 19, 2016, I sentenced him to 114 months in prison. Judgment (ECF No. 170). His projected release date is February 20, 2023. Def.'s Mot. ¶ 3. According to the Revised Presentence Report prepared in connection with his 2016 sentencing, Dent was born in 1983 and is 37 years old. Dent says that he "suffers from some serious medical problems, including Asthma, PTSD and a heart murmur, which he was born with," and "uses Albuterol Sulfate daily to control his breathing." Def. Mot. at 2. He "submits that his asthma and heart condition, when combined with the COVID-19 pandemic provide extraordinary and compelling reasons to modify his sentence." Id. at 3.[4] Dent is imprisoned at FCI Butner II. The BOP reports that FCI Butner II currently has 0 inmates and staff positive for COVID-19 and 12

---

[4] He has not argued that the PTSD is part of the "extraordinary and compelling reasons."

inmates and 2 staff who have recovered. See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Oct. 19, 2020), https://www.bop.gov/coronavirus/.

On Dent's asthma and heart condition, the government provided medical records from BOP on September 16, 2020. Gov't's Resp. Ex. 4. They do not identify a heart murmur[5] or any other cardiovascular impairment. They show that Dent's asthma is well controlled and that pulmonary function tests are normal.[6] Dent has not responded to what the medical records show.

The COVID-19 pandemic concerns many people in this country, but it is not, in and of itself, an extraordinary and compelling reason to justify release from a prison sentence. See United States v. Urrabazo-Maldonado, No. 20-3727, 2020 U.S. App. LEXIS 29873, at *4-5 (6th Cir. Sept. 17, 2020) (citing United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020), which observed that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). And even combined with the pandemic, Dent's mild asthma and purported congenital heart murmur do not rise to that level either. The CDC does not describe people with those conditions as "at increased risk of severe illness from the virus," or even as "might be at an increased risk." People with Certain

---

[5] In fact, multiple entries in the records suggest that Dent has no "MRG," often written as "M/R/G." I take judicial notice that MRG is a medical abbreviation for "murmurs, rubs, and gallops." Sheila B. Sloane, Medical Abbreviations & Eponyms 415 (2d ed. 1997). The only reference I see suggesting that Dent has a heart murmur is in the Revised Presentence Report prepared for his 2016 sentencing. Paragraph 57 referred to his asthma and an inhaler prescription and added: "It's noted that, during the presentence interview for the NY presentence report, he also reported having a heart murmur." Dent had been sentenced in New York state court in 2003 and 2006. Id. ¶¶ 43, 44.

[6] The records also suggest that Dent uses his inhaler infrequently, not daily, Gov't's Resp. Ex. 4 at 7, but I do not rely on that discrepancy.

3

Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Oct. 19, 2020).

I therefore **DENY** the motion for compassionate relief.  I do not find that appointment of counsel would assist the court, and I therefore **DENY** that part of the motion as well.

**SO ORDERED.**

**DATED THIS 21ST DAY OF OCTOBER, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**