UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTIAN DENT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:15-cr-00010-DBH-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 211.) The Government asks the Court to dismiss the matter because Petitioner filed the motion after the statute of limitations expired. (Response, ECF No. 219.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In April 2015, the grand jury issued a superseding indictment against Petitioner for conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B), possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and use of a person under age eighteen in drug operations in violation of 21 U.S.C. § 861(a)(1). (Superseding Indictment, ECF No. 68.) After an unsuccessful attempt to suppress certain

evidence, Petitioner pled guilty to the conspiracy charge in February 2016. (Order Denying Motion to Suppress, ECF No. 109; Change of Plea Hearing, ECF No. 135.)

In July 2016, the Court sentenced Petitioner to 114 months in prison, to be followed by five years of supervised release. (Judgment, ECF No. 170.) Petitioner appealed based on the suppression order; the First Circuit affirmed in August 2017. *United States v. Dent*, 867 F.3d 37 (1st Cir. 2017). Petitioner filed his § 2255 motion in June 2020. (Motion, ECF No. 211.)

## DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing; Petitioner's claim does not rely on a right newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] and Petitioner does not allege newly-discovered facts in support of his section 2255 claims. Because paragraphs (2), (3), and (4) do not apply, therefore, the limitations period began to run when Petitioner's judgment of conviction became final.

The Court entered Petitioner's judgment of conviction on July 19, 2016. (Judgment, ECF No. 170.) The First Circuit upheld the judgment on August 8, 2017. (*United States v. Dent*, 867 F.3d 37, 38 (1st Cir. 2017). Petitioner then had ninety days to seek a writ of certiorari from the United States Supreme Court. Sup. Ct. R. 13. Petitioner's judgment became final following the expiration of the ninety-day period on July 7, 2017. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires"). The limitation period for filing a section 2255 motion to challenge the judgment expired one year later, on July 7, 2018. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("'When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.'") (quoting *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998)). Petitioner filed his motion on June 15, 2020, nearly two years after the limitations period expired.

---

[1] *See infra*.

Petitioner argues his filing was timely under § 2255(f)(3) as a result of the Supreme Court's June 21, 2019 decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Under 18 U.S.C. § 922(g), it is unlawful for certain persons, including individuals with prior felony convictions, *id.* § 922(g)(1), to possess a firearm or ammunition. The statute contains three elements: (1) a status element (belonging to one of the listed categories of persons), (2) a possession element, and (3) a jurisdictional element (in or affecting commerce). *Rehaif*, 139 S. Ct. at 2196. Before 2019, courts interpreted "knowingly" in the penalty provision (§ 924(a)(2)) to apply only to the possession element, but under *Rehaif*, "knowingly" also applies to the status element. *Id.* "To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

The *Rehaif* decision applies retroactively to initial postconviction petitions, and the uniform and longstanding authority that *Rehaif* reversed can provide cause to excuse a petitioner's failure to raise the issue earlier, *see Brake v. United States*, No. 2:13-CR-00160-GZS, 2021 WL 388439, at *3–4, 10 (D. Me. Feb. 3, 2021); *Macarthur v. United States*, No. 1:12-CR-00084-JAW, 2020 WL 7079134, at *11 (D. Me. Dec. 3, 2020). The date of the *Rehaif* decision is irrelevant here, however, because Petitioner's ground for relief is not based on an asserted error related to a knowledge-of-status issue within §§ 922(g) and 924(a). Petitioner was not convicted of an offense under §§ 922(g) and 924(a). The felon-in-possession charge against Petitioner was dismissed when he plead guilty to the drug distribution conspiracy charge. Petitioner challenges a guideline sentencing

enhancement unrelated to the felon-in-possession statutes. For those reasons, Petitioner does not assert a newly recognized right and Section 2255(f)(3) does not apply.[2]

In sum, because Petitioner did not file the § 2255 motion within the applicable limitation period, and because equitable tolling does not apply,[3] dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[2] Petitioner appears to maintain that *Rehaif* established a principle that generally requires the Government to prove a defendant knew of any relevant status in order for that status to have a legal consequence. Petitioner appears to extend that argument not only to statutes in addition to the felon-in-possession statutes, but also to the advisory sentencing guidelines. Petitioner's argument suggests that the guideline enhancement for employing a minor in the drug distribution scheme required the Government to prove that Petitioner knew that the individual was under the age of eighteen when Petitioner employed that individual to distribute controlled substances. Petitioner's argument fails in that it would extend *Rehaif* well beyond its scope, which involved the statutory interpretation of the specific language in §§ 922(g) and 924(a).

[3] "[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). Petitioner does not allege any circumstances warranting equitable tolling.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of February, 2021.